UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Bonnie Baird,<br><br>  Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>  Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq.* ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff Bonnie Baird is a natural person who resides in the County of Kent, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5. Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f) and a "consumer" as defined by M.C.L. § 339.901(f).

6. Plaintiff is a "consumer" as defined by M.C.L. § 339.901(f).

7. Defendant Portfolio Recovery Associates, LLC is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, having its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

10. Defendant is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

11. Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

12. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

13. Several years ago, Plaintiff incurred two financial obligations that were primarily for personal, family, or household purposes, each being a "debt" as that term is defined by the FDCPA, MOC, and MCPA, namely through an installment agreement with GE Money Bank Meijer card (GEMB-M), and through an installment agreement with GE Money Bank Walmart card (GEMB-W).

14. During, or prior to November of 2008, Plaintiff defaulted on her obligations to the original creditor with respect to the GEMB-M account.

15. After Plaintiff defaulted, the GEMB-M account was transferred, placed, moved, sold, or otherwise assigned to Defendant for collection.

16. Upon information and belief, Defendant purchased the debt associated with the GEMB-M account, and paid less than 5% of the balance it claims the Plaintiff owes.

17. On or about November 4, 2009, Defendant claimed the balance owed on the GEMB-M account was $6713.22.

18. On or about March of 2012, Defendant reported a balance owed on the GEMB-M account as $7507.

19. Defendant then claimed that the balance owed on the GEMB-M account, as of April 25, 2015, was $6711.38.

20. The last payment made on the GEMB-W account was on or before February 16, 2009.

21. During, or prior to March of 2009, Plaintiff defaulted on her obligations to the original creditor with respect to the GEMB-W account.

22. After Plaintiff defaulted, the GEMB-W account was transferred, placed, moved, sold, or otherwise assigned to Defendant for collection.

23. Defendant purchased the GEMB-W account on or about May 27, 2010.

24. Upon information and belief, Defendant purchased the debt associated with the GEMB-W account, and paid less than 5% of the balance it claims the Plaintiff owes.

25. On or about November 7, 2010, Defendant claimed the balance owed on the GEMB-W account was $4940.84.

26. On or about April 9. 2015, Defendant claimed the balance owed on the GEMB-W account was $4885.96.

27. The statute of limitations has passed for Defendant to pursue legal action on the GEMB-M account.

28. The statute of limitations has passed for Defendant to pursue legal action on the GEMB-W account.

29. After the statute of limitations had passed, Defendant offered to take a payment on the GEMB-M account for less than the full amount owed.

30. After the statute of limitations had passed, Defendant offered to take a payment on the GEMB-W account for less than the full amount owed.

31. Defendant has been placing a high volume of calls to Plaintiff's phone.

32. Defendant has, at times, within one year prior to the filing of this complaint called Plaintiff multiple times in a single day.

33. Defendant has, at times, within one year prior to the filing of this complaint called Plaintiff nine or more times in a calendar month.

34. Defendant has, at times, within one year prior to the filing of this complaint called Plaintiff five or more times in a single week.

35. Defendant has placed over 100 calls to Plaintiff regarding the GEMB-W and GEMB-M accounts.

36. Defendant's calls to Plaintiff are for the purpose of collecting on Plaintiff's debt.

37. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of confusion, frustration, and upset, amongst other negative emotions.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

41. Defendant violated 15 U.S.C. § 1692d through its course of conduct, more fully described in the preceding paragraphs, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant's accounts.

42. Defendant violated 15 U.S.C. § 1692d through the volume and timing of calls Defendant placed to Plaintiff.

43. Defendant violated 15 U.S.C. § 1692d(5) through the volume and timing of calls Defendant placed to Plaintiff.

44. The Plaintiff was misled by Defendant's offer to settle a debt that was past the statute of limitations because *any* payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

45. The least sophisticated consumer would be misled by Defendant's offer to settle a debt that is past the statute of limitations because any payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

46. The least sophisticated consumer would be misled by Defendant's offer to take any payment on a that is past the statute of limitations because any payment on the debt would reactivate the statute of limitations – a violation of 15 U.S.C. § 1692e.

47. Defendant violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered to settle a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations existed.

48. Defendant violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt when it offered take a payment on a debt that was past the statute of limitations without informing the Plaintiff of the complete legal defense of the debt being past the statute of limitations existed.

49. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character of the GEMB-M debt.

50. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the GEMB-M debt.

51. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of the GEMB-M debt.

52. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character of the GEMB-W debt.

53. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the GEMB-W debt.

54. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of the GEMB-W debt.

55. Defendant violated 15 U.S.C. § 1692e(10) when it used a false representation or deceptive means to collect a debt.

56. Defendant's conduct violated 15 U.S.C. § 1692f because Defendant engaged in unfair or unconscionable means to attempt to collect a debt – in its offer to settle the time-barred debt without disclosing that any repayment would renew the statute of limitations.

57. Defendant's conduct violated 15 U.S.C. § 1692f because Defendant engaged in unfair or unconscionable means to attempt to collect a debt – in its offer to settle the time-barred debt without disclosing that because the debt was past the statute of limitations, which would provide for a complete legal defense of any judicial action.

58. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

59. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

60. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*

63. Defendant violated M.C.L. § 445.252(e) by making an inaccurate statement or claim in a communication to collect a debt.

64. Defendant violated M.C.L. § 445.252(e) by making a misleading statement or claim in a communication to collect a debt.

65. Defendant violated M.C.L. § 445.252(e) by making an untrue statement or claim in a communication to collect a debt.

66. Defendant violated M.C.L. § 445.252(e) by making a deceptive statement or claim in a communication to collect a debt.

67. Defendant violated M.C.L. § 445.252(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

68. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Defendant.

69. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Plaintiff.

70. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

71. Defendant violated M.C.L. § 445.252(n) through its volume and timing of calls to Plaintiff.

72. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

73. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant

to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

76. Defendant violated M.C.L. § 339.915(e) by making an inaccurate, statement or claim in a communication to collect a debt.

77. Defendant violated M.C.L. § 339.915(e) by making a misleading statement or claim in a communication to collect a debt.

78. Defendant violated M.C.L. § 339.915(e) by making an untrue statement or claim in a communication to collect a debt.

79. Defendant violated M.C.L. § 339.915(e) by making a deceptive statement or claim in a communication to collect a debt.

80. Defendant violated M.C.L. § 339.915(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

81. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Defendant.

82. Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Plaintiff.

83. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt.

84. Defendant violated M.C.L. § 339.915(n) through its volume and timing of calls to Plaintiff.

85. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant's employees.

86. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                    Respectfully submitted,

                    GOLDEN LAW OFFICES, P.C.

Dated: January 11, 2016

                    /s/ B. Thomas Golden

                    B. Thomas Golden (P70822)
                    Attorney for the Plaintiff
                    2186 West Main Street
                    P.O. Box 9
                    Lowell, Michigan 49331
                    Telephone: (616) 897-2900
                    Facsimile: (616) 897-2907
                    btg@bthomasgolden.com